USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 7/9/21

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Suber,<br><br>       Plaintiff,<br><br>    –v–<br><br>VVP Services, LLC, *et al.*,<br><br>       Defendant. | 20-cv-08177 (AJN)<br><br>MEMORANDUM<br>OPINION & ORDER |

ALISON J. NATHAN, District Judge:

  Plaintiff, a transactional attorney, brings various claims against Defendants under state and federal law arising out of Plaintiff's previous employment. Plaintiff filed a motion for a preliminary injunction to freeze certain of Defendants' assets and to order expedited discovery. For the reasons that follow, Plaintiff's motion for a preliminary injunction is DENIED.

**I. BACKGROUND**

  According to her complaint, Plaintiff Karen Suber was hired to work as a transactional attorney for Defendant VVP Services and its affiliated entities in August of 2017. Dkt. No. 92 ¶ 41-42. She was also told that, as part of her compensation for her employment, she would receive a grant of equity in Defendant Vision Venture and related entities. *Id.* ¶ 40. A few months into her employment, Plaintiff became aware of "multiple instances of questionable conduct" that "led her to be concerned about the actions of" Defendants Sclavos and Raizada, who were officers and employees of Defendants VVP Services and Vision Venture. *Id.* ¶ 14, 16, 53. For example, Plaintiff alleges that Sclavos was insolvent and had a pervasive substance abuse problem and that he had caused a significant loan to be made out of Vision Esports to

1

himself for personal use. *Id.* ¶ 58, 60-61, Dkt. No. 93-6. Further, Plaintiff, who is African-American, alleges she was treated in a discriminatory manner based on her race, including that she was excluded from important meetings, prevented from communicating with important investors, was compensated less well than her colleagues, and that Raizada referred to his colleagues using racial slurs. *Id.* ¶ 10, 72, 73.

In January 2018, Plaintiff consulted with outside counsel about her concerns regarding Defendants' conduct and decided she could no longer serve as their attorney. *Id.* ¶ 55-56. On January 22, 2018, she resigned. *Id.* The promised equity compensation program was never drafted and Plaintiff never received any equity in VVP Services or any related entities. *Id.* ¶ 54. After Plaintiff voluntarily resigned, Sclavos told various third parties that Plaintiff was terminated for cause. *Id.* ¶ 77-78.

On October 2, 2020, Plaintiff filed a complaint in this Court. Dkt. No. 1. In Plaintiff's Second Amended Complaint, the operative complaint in this action, Plaintiff brings claims against all Defendants for fraudulent inducement, negligent and intentional misrepresentation and related claims, breach of contract, wrongful termination via constructive discharge, defamation, civil conspiracy, and unfair business practices under either or both New York and California state law. She also alleges claims for racial discrimination under 42 U.S.C. § 1981. Dkt. No. 92.[1]

Plaintiff subsequently filed a motion for a preliminary injunction. Dkt. No. 109.[2] In that motion, Plaintiff requests, *inter alia*, that the Court enjoin all Defendants from transferring,

---

[1] Defendants each individually filed a motion to dismiss the Second Amended Complaint for lack of personal jurisdiction under Fed. R. Civ. P. 12(b)(2) and for failure to state a claim under Fed. R. Civ. P. 12(b)(6). Dkt. Nos. 66-77. Those motions are still pending before the Court.
[2] The motion is styled as a "Motion for Temporary Restraining Order, Asset Restraining Order, Selected Expedited Discovery, and Order to Show Cause for Preliminary Injunction." Dkt. No. 109. However, Plaintiff previously submitted an *ex parte* application for a temporary restraining order, and the Court denied Plaintiff' request for *ex*

selling, or otherwise disposing of all assets of Defendant Sclavos or Defendant Prometheus ventures, including a large residential property in Los Angeles, and order expedited discovery of all financial and accounting records of Defendant Sclavos and Defendant Prometheus Ventures. That motion was fully briefed as of May 1, 2021. Dkt. No. 126. On May 17, 2021, the Court held oral argument on Plaintiff's motion. Dkt. No. 132, 140.

## II. DISCUSSION

Plaintiff requests an asset freeze injunction for all assets of Defendant Sclavos or Defendant Prometheus ventures. Plaintiff claims this relief is necessary because "[t]here is a high probability that Defendants Sclavos and Prometheus Ventures will be unable to satisfy a final judgment" due to Sclavos's alleged excessive spending problem, and therefore the Court must "freez[e] Defendants Sclavos's and Prometheus Ventures assets" so that "Defendant will have [] resources with which to satisfy the final judgment against them" in the event Plaintiff prevails on her claims. Dkt. No. 109-1 at 13-14.

In order to obtain a preliminary injunction, a plaintiff must first establish a "reasonable probability of ultimate success on the question" of personal jurisdiction. *Weitzman v. Stein*, 897 F.2d 653, 659 (2d Cir. 1990). All Defendants contest personal jurisdiction in the Southern District of New York. The Court will not address this issue for purposes of deciding this motion. As discussed below, Plaintiff's request for injunctive relief clearly fails on the merits and therefore the Court need not resolve the motions to dismiss for lack of personal jurisdiction at this time.

The Supreme Court has made clear that a "District Court ha[s] no authority to issue a preliminary injunction preventing [a party] from disposing of their assets pending adjudication of

---

*pate* relief. *See* Dkt. No. 112. Plaintiff's current motion is nearly identical, but was filed on the public docket. At oral argument, Plaintiff's counsel confirmed that Plaintiff is seeking a preliminary injunction.

[the other party's] [] claim for money damages." *Grupo Mexicano de Desarrollo S.A. v. All. Bond Fund, Inc.*, 527 U.S. 308, 333 (1999). A court may only issue an asset-freeze injunction pursuant to an equitable claim, *Tiffany (NJ) LLC, Tiffany & Co. v. China Merchants Bank*, 589 F. App'x 550, 552 (2d Cir. 2014), and only if the plaintiff demonstrates a "nexus" between the assets she seeks to freeze and the specific equitable claim sought, *Coley v. Vannguard Urb. Improvement Ass'n, Inc.*, No. 12CV5565PKCRER, 2016 WL 7217641, at *2 (E.D.N.Y. Dec. 13, 2016) (collecting cases). Thus, a plaintiff cannot simply include an equitable claim or a request for an equitable remedy in their complaint in order to obtain a broad injunction that would "preserve funds that may later be used to satisfy an award of statutory damages" for the remaining legal claims. *Spin Master v. Aciper*, No. 19-CV-6949 (VSB), 2020 WL 6482878, at *3 (S.D.N.Y. Nov. 4, 2020) (citing *Klipsch Grp., Inc. v. Big Box Store Ltd.*, No. 12 Civ. 6283(AJN), 2012 WL 5265727, at *5 (S.D.N.Y. Oct. 24, 2012)). The Court may only enjoin assets *to the extent necessary* to preserve the equitable claim. *Id.*

Plaintiff's request does not fit into this narrow exception to *Grupo Mexicano'*s ban on asset-freeze injunctions. The manifest purpose for her motion is to preserve assets so that she may collect upon a money judgment in the event that she succeeds on any of the claims in her complaint. The problem is that Plaintiff's complaint primarily consists of traditional legal claims that would be remedied with damages, such as breach of contract, fraudulent misrepresentation, and Title VII discrimination, and therefore cannot serve as a basis for an asset-freeze injunction.

The only claim sounding in equity in the complaint is a request for an "accounting of profits" in the prayer for relief. An accounting of profits is a traditional equitable remedy and in theory can serve as the basis for an asset-freeze injunction. However, simply including the words "accounting of profits" in a prayer for relief is not enough. The complaint must include

4

some basis for Plaintiff's purported entitlement to an accounting. For example, courts have awarded an accounting of profits pursuant to the Lanham Act for a claim of trademark infringement, *e.g, Gucci Am., Inc. v. Guess?, Inc*., 868 F. Supp. 2d 207, 243 (S.D.N.Y. 2012), and as a standalone claim under New York law after the Plaintiff demonstrated it met the various elements of that claim, *e.g., Fuller Landau Advisory Servs. Inc. v. Gerber Fin. Inc*., 333 F. Supp. 3d 307, 315 (S.D.N.Y. 2018).

Plaintiff has not alleged any basis for entitlement to an accounting of profits. Nowhere in Plaintiff's complaint or briefings does she explain which specific claim in the complaint entitles her to an accounting of profits, nor does she assert the elements of a standalone claim for an accounting. When pressed at oral argument, Plaintiff's counsel stated that an accounting of profits would be an appropriate remedy for Plaintiff's breach of contract claim. However, it is elemental that "damages are always the default remedy for breach of contract." *United States v. Winstar Corp*., 518 U.S. 839, 885 (1996). Counsel was unable to cite a case where a court has granted an accounting of profits as a remedy for breach of contract claim, and the Court is aware of none. Plaintiff's counsel suggested specific performance as a possible remedy, which is indeed equitable in nature. But a court may not grant specific performance "where money damages would be adequate to protect the expectation interest of the injured party." *Deutsche Bank Nat'l Tr. Co. for Morgan Stanley Structured Tr. I 2007-1 v. Morgan Stanley Mortg. Cap. Holdings LLC*, 289 F. Supp. 3d 484, 495 (S.D.N.Y. 2018). Plaintiff did not request specific performance in her complaint and has not attempted to demonstrate that money damages are inadequate.

Additionally, even if Plaintiff had articulated a viable claim entitling her to an accounting of profits, Plaintiff has not demonstrated a specific nexus between any such remedy and the

specific assets she seeks to freeze. Plaintiff broadly requests that *all* assets of Defendants Sclavos and Prometheus Ventures be frozen so that those assets are not dissipated prior to the collection of any future money judgment. She does not explain how an accounting of profits would entitle her to all of those assets.

Therefore, the Court can come to no other conclusion than that her request to freeze Defendants' assets would only be in service of a future money judgment. This request is barred by *Grupo Mexicano*.

### III. CONCLUSION

For the reasons stated above, Plaintiff's motion for injunctive relief is DENIED. This resolves Dkt. No. 109.

SO ORDERED.

Dated: July 9, 2021
      New York, New York

_____
ALISON J. NATHAN
United States District Judge