USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 6/9/22

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Karen M. Suber,

            Plaintiff,

    –v–

VVP Services, LLC et al.,

            Respondents.

20-cv-8177 (AJN)

ORDER

ALISON J. NATHAN, Circuit Judge, sitting by designation:

    Before the Court is Plaintiff's motion to alter judgment pursuant to Federal Rule of Civil Procedure 59(e) and Local Civil Rule 6.3 and motion for relief from order pursuant to Federal Rule of Civil Procedure 60(B)(6). For the reasons discussed below, the motions are DENIED.

## I.    Background

    On March 10, 2021, Plaintiff filed her Second Amended Complaint ("SAC") alleging various claims against Defendants under state and federal law arising out of Plaintiff's previous employment. Dkt. No. 92. On March 19, 2021, each Defendant separately moved to dismiss the SAC for lack of personal jurisdiction and failure to state a claim. Dkt. Nos. 96-107. Plaintiff filed an opposition, Dkt. No. 114, Defendants filed a reply, Dkt. No. 117, and Plaintiff filed a Request for a Sur-Reply, Dkt. No. 119. Defendants opposed that request. Dkt. No. 124.

    On September 27, 2021, the Court entered its order dismissing all Defendants for lack of personal jurisdiction. Dkt. No. 143. Plaintiff now brings two motions asking the Court to reconsider its order. Dkt. Nos. 145, 149.

## II.    Legal Standard

1

Plaintiff's motions are governed by Federal Rules of Civil Procedure 59(e) and 60(b)(6) and Rule 6.3 of the Local Rules of the U.S. District Courts for the Southern and Eastern Districts of New York (the "Local Rules"). The Federal Rules of Civil Procedure allow a litigant subject to an adverse judgment to file either a motion to alter or amend the judgment pursuant to Rule 59(e) or a motion seeking relief from the judgment pursuant to Rule 60(b). "Although the two rules appear similar, they are in fact quite distinct." *Robinson v. Wix Filtration Corp. LLC*, 599 F.3d 403, 411 (4th Cir. 2010). Rule 59(e) is "a device to relitigate the original issue decided by the district court, and [it is] used to allege legal error." *United States v. Fiorelli*, 337 F.3d 282, 288 (3d Cir. 2003). The moving party must show one of the following to prevail on a Rule 59(e) motion: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court issued its order; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992). "Rule 60(b) allows a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances including fraud, mistake, and newly discovered evidence." *Gonzalez v. Crosby*, 545 U.S. 524, 528 (2005).

"The standard for granting such motion[s are] strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court."). *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). An error is clear only if the Court is "left with the definite and firm conviction that a mistake has been committed." *United States v. Snow*, 462 F.3d 55, 72 (2d Cir. 2006) (quoting *United States v. Garcia*, 413 F.3d 201, 222 (2d Cir. 2005)). "A motion for reconsideration may not be used to

advance new facts, issues or arguments not previously presented to the Court, nor may it be used as a vehicle for relitigating issues already decided by the Court." *R.F.M.A.S., Inc. v. Mimi So*, 640 F. Supp. 2d 506, 509 (S.D.N.Y. 2009) (quoting *Davidson v. Scully*, 172 F. Supp. 2d 458, 461 (S.D.N.Y. 2001)). The decision whether to grant such a motion "rests within the sound discretion of the district court." *Callari v. Blackman Plumbing Supply, Inc.*, 988 F. Supp. 2d 261, 287 (E.D.N.Y. 2013).

### III. Analysis

#### A. Motion to Alter Judgment

Plaintiff's first motion, filed on October 7, 2021, is governed by Federal Rule of Civil Procedure 59(e) and Local Civil Rule 6.3. A Rule 59(e) motion may be granted if the moving party demonstrates any of the following: (1) the judgment was based upon a manifest error of law or fact; (2) there is newly discovered or previously unavailable evidence; (3) to prevent manifest injustice; and (4) there is an intervening change in controlling law. *See* 11 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 2810 (2d ed. 1995).

Plaintiff requests that this Court alter its order granting Defendants' motion to dismiss and transfer this case to the Central District of California pursuant to 28 U.S.C. § 1631. She primarily argues that the Court should grant her motion because if she were required to re-file this case in the Central District of California, she may be required to invoke equitable doctrines to preserve her causes of action. Thus, she argues, her inability to plead the causes of action she pled in the SAC would constitute "manifest injustice." Dkt. No. 145 at 3. She also argues that having to re-serve Defendants would require her to incur material costs and expenses. Finally, Plaintiff argues that because the Central District of California is a forum in which Plaintiff could have originally commenced this proceeding, the Court has the authority to transfer this action.

*Id.* at 2, 4 (citing *Corke v. Sameiet M. S. Song*, 572 F.2d 77 (2d Cir. 1978) ("[T]he court 'has power to transfer the case even if there is no personal jurisdiction over the defendants, and whether or not venue is proper in [the] district, if a transfer would be in the interest of justice.'")).

Defendants oppose the motion, arguing that Plaintiff should not be rewarded for her lack of diligence in choosing the improper forum, Plaintiff has not met her burden of demonstrating that venue or jurisdiction is proper in the Central District of California on each and every Defendant, and Plaintiff has not shown any "severe prejudice" that Plaintiff would suffer from the dismissal of this case.  The Court need not reach the merits of whether jurisdiction is proper in the Central District of California.  The Court denies the motion on the ground that this is not the appropriate stage to request a transfer, and concludes that Plaintiff has failed to establish how a transfer is necessary to prevent manifest injustice.

Plaintiff had ample opportunity before now to file a motion to transfer.  Each of the Defendants' motions to dismiss included arguments that the Court lacked personal jurisdiction over Defendants, and at no point did Plaintiff ask the Court to transfer the case to the Central District of California in lieu of dismissal.  Thus, the Court holds that the argument underlying Plaintiff's request to transfer this matter constitutes a new theory that she previously had available but did not raise.  *See Associated Press v. U.S. Dep't of Def.*, 395 F. Supp. 2d 17, 20 (S.D.N.Y. 2005) ("[A] party is barred from making for the first time in a motion for reconsideration an argument it could readily have raised when the underlying issue was being briefed but chose not to do so.").  The Court denies the motion.

    **B.  Motion for Relief**

Plaintiff also filed a Motion for Relief pursuant to Federal Rule of Civil Procedure 60(b)(6). That rule provides that a district court "may relieve a party" from the effects of a "final judgment, order, or proceeding" for "any other reason that justifies relief." Fed. R. Civ. P. 60(b). Rule 60(b)(6) has been described as a "grand reservoir of equitable power to do justice," albeit one that should be used sparingly. *Stevens v. Miller*, 676 F.3d 62, 67 (2d Cir. 2012) (citation omitted). Given that the "[r]ule does not particularize the factors that justify relief," courts have refrained from applying a rigid test when deciding Rule 60(b)(6) motions. *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 863-64 (1988). The Second Circuit has explained that "a proper case for Rule 60(b)(6) relief is only one of extraordinary circumstances, or extreme hardship." *Harris v. United States*, 367 F.3d 74, 81 (2d Cir. 2004) (internal quotation marks and citation omitted).

Plaintiff moves for reconsideration under Rule 60(b)(6) based on the Court's grant of Defendants' request to seal certain exhibits because they contain information relating to attorney-client privilege. Plaintiff opposed the request, arguing that no attorney-client privilege existed between her and some Defendants, and even if it did, the crime-fraud exception applied to bar the protection of attorney-client privilege. The Court held that the burden was on Plaintiff to invoke the crime-fraud exception, and that Plaintiff failed to meet that burden. Dkt. No. 143 at 21.

Plaintiff asserts that the Court's conclusion failed to consider all the factual material it had before it and failed to follow precedent within the Second Circuit. She alleges that the Court did not first consider whether an attorney-client relationship existed between Plaintiff and Defendants in the first place, whether the statements the Defendants sought to seal were entitled to protection under the attorney-client privilege, or whether any waivers to the privilege existed.

Plaintiff also asserts that the Court did not consider the contents of the exhibits in reaching its conclusion about the applicability of the crime-fraud exception and misstated the breadth of Plaintiff's assertions regarding why the exhibits were not entitled to the attorney-client privilege.

The Court concludes that Plaintiff's arguments are not grounds for relief from judgment and denies the motion. First, the Court finds that Plaintiff is improperly attempting to take a second bite at the apple by citing the arguments raised when the Court first considered the issue. *See e.g.*, Dkt. No. 149 (quoting Dkt. Nos. 58, 59, and 82). Identifying portions of the record in which Plaintiff previously disputed the Court's conclusion does not serve as a ground for reconsideration. Second, the Court's order identified several pieces of the record that established an attorney-client relationship between the parties. For example, it stated that "While employed by VVP Services, Plaintiff performed various services in her role as a transactional attorney, such as assisting in the restructuring of related entities and preparing documentation related to potential investments and transactions." Dkt. No. 143 at 3. The Court also found that "In January 2018, Plaintiff consulted with outside counsel about her concerns regarding Defendants' conduct and decided she could no longer serve as their attorney." *Id.* at 4. Thus, the Court rejects Plaintiff's assertion that it failed to adequately find an attorney-client relationship.

Plaintiff's remaining arguments are unavailing. That the Court did not specify which judicial documents it did and did not rely upon in reaching its motion to dismiss does nothing to advance Plaintiff's argument. Relatedly, Plaintiff's critique of the Court's factual and legal reasoning as "compromised and unreliable" as to other findings is irrelevant to the Court's decision to seal certain documents based on the attorney-client privilege.

Plaintiff has failed to identify "extraordinary circumstances" or "extreme hardship" that warrant the relief she requests. The Court therefore denies the motion.

## IV. Conclusion

For the reasons articulated above, Plaintiff's motions are DENIED. This resolves docket numbers 145 and 149.

SO ORDERED.

Dated: June 9, 2022
New York, New York

_____
ALISON J. NATHAN
United States Circuit Judge
Sitting by Designation