Monday, April 24, 2023

**VIA ECF**

The Honorable Alison J. Nathan
U.S. Court of Appeals for the Second Circuit
*Sitting by Designation*
U.S. District Court
   for the Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, New York 10007

**RE:**   *Suber v. VVP Services, LLC, et al.*; Case No. 1:20-cv-08177-AJN (SN)

Parties' Agreed Motion for Extension of Time to Respond to Court's Order of April 3, 2023 [DE-159]

Plaintiff's Supplemental Correspondence to Defendants' Correspondence [DE-160] and Requested Relief that is Supplemental to the Order of the Court [DE-161]

Dear Judge Nathan:

As the Defendants indicated in their correspondence to the Court dated of even date herewith, which we reviewed in advance and to which we contributed, *we are in agreement with any extension of time the Court may grant to the parties to facilitate our compliance with the above-referenced Order of the Court*. That said, we respectfully submit this correspondence to supplement Defendants' correspondence, because the Defendants did not accept all of our comments.

*First*, we note that Defendants unilaterally changed the timing of the previously-agreed-upon meeting date and time. Please see **Exhibit A** attached hereto for the email sent by Attorney Van Vliet.

*Second*, we did, in fact, provide the law firms of Attorneys Van Vliet, Battista and Passarella with a copy of the "Section 487 complaint" referenced in Defendants' correspondence. However, we looked, and continue to look, at compliance with above-referenced Order of the Court and the "Section 487 complaint" as two distinct matters, with one not affecting the other.

Supplemental Correspondence in Reply
to Defendants' Correspondence
Monday, April 24, 2023

Consequently, when Attorney Van Vliet, on behalf of Defendants, postponed the meeting, we were surprised, because we were, and continued to be, ready to meet at the previously-agreed-upon date and time. In addition, in *Plaintiff-Appellant's Petition for Panel Rehearing and Rehearing En Banc* filed with the U.S. Court of Appeals for the Second Circuit, among other filings, Plaintiff detailed some of conduct of Defendants' legal counsel, including Attorneys Van Vliet and Battista, that has been, and continues to be, in violation of Section 487 of the NEW YORK JUDICIARY LAW; thus, the "Section 487 complaint" should not have come as a surprise to any of Defendants' legal counsel.

Because Defendants reference the "Section 487 complaint" in their correspondence, we attach hereto the "Section 487 complaint" and the transmittal correspondence, together as **Exhibit B**. Additionally, at this time, we request that the "Section 487 complaint" and the transmittal correspondence be sealed as the "Section 487 complaint" has not yet been filed. When asked, Attorneys Van Vliet and Battista had no objection to the filing of the complaint under seal. Furthermore, we believe there to be no real issue of public access, because in the future, the "Section 487 complaint" will be filed in a form anticipated to be substantially similar to **Exhibit B**. The "Section 487 complaint," in Plaintiff's view, is the only way to ensure Defendants' legal counsel do not continue to engage in conduct intended to deceive the courts, whether in this remanded proceeding or other future, related proceedings.

***Finally, and this is supplemental to the relief requested in Defendants' Correspondence***: We request that the Court approve (I) the contemporaneous recording (using the Zoom "record" function) of the Zoom conference to be held in respect of the mandatory conferral meeting, and (II) the use of an AI-based notetaker, FireFlies.ai, during the mandatory conferral meeting. We will provide a copy of the recording and the FireFlies notes to Attorneys Van Vliet and Battista.

We remain at the disposal of the Court to address any questions or requests for additional information.

**RESPECTFULLY SUBMITTED**,

| | |
|---|---|
| */s/ Karen M. Suber* | */s/ Amos N. Jones* |
| Karen M. Suber, Esq., *Pro Se* | Amos N. Jones, Esq. |
| N.Y. State Bar No. 4472353 | D.C. Bar No. 974919 |
| 300 E. 40th Street | AMOS JONES LAW FIRM |
| New York, New York 10016 | 1717 Pennsylvania Avenue NW Suite 1025 |
| Tel: (917) 763-6160 | Washington, DC 20006 |
| Email: karen.suber@attunecapitalgroup.com | Tel.: (202) 351-6187 | Fax: (202) 478-1654 |
| | E-mail: jones@amosjoneslawfirm.com |

Enc. / Cc:  Theresa M.B. Van Vliet, Esq., Paul J. Battista, Esq. (via email)

**Karen Suber**

---

| | |
|---|---|
| From: | Van Vliet, Theresa M. <TMVanVliet@Venable.com> |
| Sent: | Thursday, April 20, 2023 5:09 AM |
| To: | Karen Suber; Amos Jones; Battista, Paul J. |
| Subject: | Cancellation of Zoom Call 4/20/2023 |

We have been made aware of your correspondence of April 19,2023. We will not be available for the scheduled Zoom call at 10:30 this morning. Please advise of available times Monday, April 24. If necessary, we will seek appropriate extension of time from the Court.

Theresa

Sent with BlackBerry Work
(www.blackberry.com)

*************************************************************************
This electronic mail transmission may contain confidential or privileged information. If you believe you have received this message in error, please notify the sender by reply transmission and delete the message without copying or disclosing it.
*************************************************************************

> Plaintiff's request to file "the 'Section 487 complaint'" under seal is DENIED. Plaintiff has not made a showing sufficient under *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110 (2d Cir. 2006), to overcome the presumption against public access. The Court agrees with Plaintiff that the draft complaint anticipated in a new lawsuit and the limited sealing and redaction issues remaining in this lawsuit are "two distinct matters," and for that reason it is unclear what relevance the complaint has. If Plaintiff nevertheless believes it is necessary for the Court to consider this document, she shall file it on the public docket.
>
> The parties are free to use whatever methods of recording their meet and confer that they wish. The Court expects the parties to be capable of reaching agreement on such issues without necessitating the involvement of the Court.
>
> The Clerk of Court is respectfully directed to terminate Dkt. Nos. 162 and 163.
>
> SO ORDERED.
>
> /s/ Alison J. Nathan   April 24, 2023