```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 4/27/23
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

Karen M. Suber,

            Plaintiff,

    –v–

VVP Services, LLC, *et al.*,

            Defendant.

20-cv-8177 (AJN)

ORDER

---

ALISON J. NATHAN, Circuit Judge, sitting by designation:

    On September 27, 2021, the Court granted Defendants' motion to dismiss for lack of personal jurisdiction and dismissed Plaintiff's complaint without prejudice. *Suber v. VVP Servs., LLC*, No. 20-CV-8177 (AJN), 2021 WL 4429237 (S.D.N.Y. Sept. 27, 2021) (Dkt. No. 143). On January 10, 2023, the Second Circuit affirmed the dismissal of Plaintiff's claims for lack of personal jurisdiction. *Suber v. VVP Servs., LLC*, No. 21-2649, 2023 WL 115631 (2d Cir. Jan. 10, 2023) (summary order). The Second Circuit vacated this Court's ruling only insofar as it granted Defendants' motion to seal certain exhibits in this case, and remanded for the *limited purpose* of: "(1) unseal[ing] Exhibit 23, (2) address[ing] the exhibits under seal that remain in dispute on an individual basis and clarify[ing] (a) which exhibits are judicial documents, (b) which exhibits, if any, implicate the attorney-client privilege, and why, and (c) whether any exhibits implicating the attorney-client privilege fall under the crime-fraud exception." *Id.* at *5.

    Accordingly, following the issuance of the mandate, this Court ordered the parties to "confer for at least one hour in light of the Second Circuit's decision in this case and file a joint letter confirming their meet and confer and indicating, what, if any sealing issues remain to be resolved." Dkt. No. 159. The parties requested, and received, an extension of the deadline to do

1

so to May 1, 2023. Dkt. No. 161.

Plaintiff has now filed a motion to transfer this case to the U.S. District Court for the Central District of California, Dkt. No. 166, and another motion to stay all deadlines in this case pending resolution of her transfer request, Dkt. No. 168.

Plaintiff's motion to transfer is DENIED.  Plaintiff's request is barred by the mandate rule.  "Under the law of the case doctrine, where a case has been decided by an appellate court and remanded, the court to which it is remanded must proceed in accordance with the mandate and such law of the case as was established by the appellate court." *Sompo Japan Ins. Co. of Am. v. Norfolk S. Ry. Co.*, 762 F.3d 165, 175 (2d Cir. 2014) (cleaned up).  This "mandate rule prevents re[-]litigation in the district court not only of matters expressly decided by the appellate court, but also precludes re-litigation of issues impliedly resolved by the appellate court's mandate.  Furthermore, where the mandate limits the issues open for consideration on remand, the district court ordinarily may not deviate from the specific dictates or spirit of the mandate by considering additional issues on remand." *Id.* (cleaned up).  Here, not only is Plaintiff's transfer request outside the limited scope of the remand mandate explicitly delineated by the Second Circuit, it also re-raises an argument that was squarely considered and rejected by the panel. Plaintiff argued on appeal that this Court erred in failing to *sua sponte* transfer the case to the Central District of California; but the Second Circuit "decline[d] to exercise [its] discretion to transfer the case. Given [Plaintiff's] delay in seeking transfer, and lack of specificity as to the hardship she would face if [the court] declined to transfer, [it] conclude[d] that she has not shown that the interests of justice require a transfer." *Suber*, 2023 WL 115631, at *5.

In any event, even if Suber's request were not foreclosed by the Second Circuit's mandate, this Court would decline to exercise its discretion to transfer the case to the Central

District of California, even assuming Plaintiff could have originally brought the action there. This case is closed. As both this Court and the Second Circuit held, this Court lacks jurisdiction to resolve Plaintiff's claims. The *sole* remaining dispute in this case concerns whether certain documents that were previously submitted to this Court may be maintained under seal, in whole or part. In these circumstances, it would manifestly not be in the interests of "judicial efficiency and the interests of justice" to transfer this case for resolution of these limited remaining issues. *Regeneron Pharms., Inc. v. Novartis Pharma AG*, No. 20-CV-5502 (AJN), 2021 WL 4311372, at *4 (S.D.N.Y. Sept. 21, 2021).

In light of the denial of Plaintiff's motion to transfer, Plaintiff's motion to stay this case is DENIED as moot.

As discussed above, the scope of the issues remaining in this case following the Second Circuit's remand is quite limited. **Counsel would be well advised to focus their time and resources on resolving those issues,** by working together to identify which documents previously placed under seal are judicial documents and whether and why there is a basis to maintain all or part of such documents under seal. The Court will expeditiously resolve any remaining disputes once they have been identified by the parties in accordance with this Court's prior orders.

Accordingly, the motion to transfer is DENIED. The motion to stay is DENIED as moot. The Clerk of Court is respectfully directed to terminate Dkt. Nos. 166 and 168.

SO ORDERED.

Dated: April 27, 2023
      New York, New York

_____
ALISON J. NATHAN
United States Circuit Judge,
sitting by designation