UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 8/18/2023
```

Karen M. Suber,

    Plaintiff,

  –v–

VVP Services, LLC, *et al.*,

    Defendants.

20-cv-8177 (AJN)

ORDER

ALISON J. NATHAN, Circuit Judge, sitting by designation:

  The Court assumes familiarity with both the factual and procedural background underlying this present sealing dispute. *See Suber v. VVP Servs., LLC*, No. 20-cv-8177 (AJN), 2021 WL 4429237, at *1–3 (S.D.N.Y. Sept. 27, 2021) (Dkt. No. 143); *Suber v. VVP Servs., LLC*, No. 20-CV-8177 (AJN), 2023 WL 4817551, at *1–3 (S.D.N.Y. July 27, 2023) (Dkt. No. 172).

  On July 27, 2023, the Court directed the parties to file responses to address the remaining live issues concerning the sealing disputes over **Exhibits 24** and **26**. Dkt. No. 172. On August 3, 2023, Defendants filed a letter proposing redactions to the exhibits and justifying such proposed redactions. Dkt. No. 175. On August 10, 2023, Plaintiff Karen Suber filed a letter opposing Defendants' proposed redactions to **Exhibit 24**. Dkt. No. 178.

  In support of her letter, Plaintiff filed a sealed declaration on an *ex parte* basis. Dkt. No. 177. Plaintiff's letter also cites to another sealed declaration that she filed on an *ex parte* basis in 2021. Dkt. No. 60. "Ex parte submissions are highly disfavored." *Magee v. Walt Disney Co.*, No. 19-CV-10274 (AJN), 2020 WL 6047428, at *4 (S.D.N.Y. Oct. 13, 2020); *Schiller v. City of New York*, No. 04CIV.7921RJSJCF, 2008 WL 1777848, at *5 (S.D.N.Y. Apr. 14, 2008) ("[T]he

overwhelming weight of authority favors the view that a court's reliance on *ex parte*, *in camera* submissions is strongly disfavored."). Plaintiff has "failed to present any persuasive legal authority or compelling justification" to show that *ex parte* submissions are warranted here. *Schiller*, 2008 WL 1777848, at *3; *see also United States v. Abuhamra*, 389 F.3d 309, 328 (2d Cir. 2004). Nor has Plaintiff demonstrated that any "countervailing factors" override the strong presumption of public access to judicial documents as to justify sealing here. *See Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 120 (2d Cir. 2006).

It is therefore ORDERED that no document previously submitted by Plaintiff to the Court *ex parte* will be considered by the Court unless properly filed on the public docket no later than **August 25, 2023**.

It is further ORDERED that Defendants must submit any reply no later than **September 1st, 2023**. In their reply, Defendants shall address Plaintiff's privilege waiver argument and objections to Defendants' proposed redactions to **Exhibit 24**.

SO ORDERED.

Dated: August 18, 2023
      New York, New York

_____
ALISON J. NATHAN
United States Circuit Judge,
sitting by designation