USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 10/4/2023

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Karen M. Suber,

Plaintiff,

–v–

VVP Services, LLC, *et al.*,

Defendants.

20-cv-8177 (AJN)

MEMORANDUM & ORDER

ALISON J. NATHAN, Circuit Judge, sitting by designation:

The Court assumes familiarity with both the factual and procedural background underlying this present sealing dispute. *See Suber v. VVP Servs., LLC*, No. 20-cv-8177 (AJN), 2021 WL 4429237, at *1–3 (S.D.N.Y. Sept. 27, 2021) (Dkt. No. 143); *Suber v. VVP Servs., LLC*, No. 20-CV-8177 (AJN), 2023 WL 4817551, at *1–3 (S.D.N.Y. July 27, 2023) (Dkt. No. 172).

On July 27, 2023, the Court directed parties to file responses to address the remaining live issues concerning the sealing of **Exhibits 24** and **26**. Dkt. No. 172. The Court concluded that Defendants had shown that an attorney-client relationship existed between the parties when Plaintiff Karen Suber was employed as deputy general counsel of VVP Services and Plaintiff had not shown that the crime-fraud exception applied. Defendants were instructed to submit proposed redactions to **Exhibit 24** implicating the attorney-client privilege and proposed redactions to **Exhibit 26** to protect third party privacy interests. On August 3, 2023, Defendants filed a letter proposing redactions to **Exhibits 24** and **26**. Dkt. No. 175. On August 10, 2023, Plaintiff filed a letter accepting Defendants' proposed redaction to **Exhibit 26** but opposing Defendants' proposed redactions to **Exhibit 24**. Dkt. No. 178.

Plaintiff objects to all of Defendants' proposed redactions to **Exhibit 24**, arguing that the attorney-client privilege does not apply because any privilege was waived when **Exhibit 24** was disclosed to various independent parties. In support, Plaintiff provides two declarations attesting on her own behalf that in 2019, Rick Fox caused his personal attorney to share **Exhibit 24** with independent third parties not associated with Defendants. Dkt. No. 180. Plaintiff's letter also requests that the Court order limited discovery of the email, phone, text, and other communication records of Rick Fox, his personal attorney, another attorney, and the respective law firms of the two attorneys. *Id.* Plaintiff argues that even if privilege was not waived, the attorney-client privilege did not apply to Defendants' proposed redactions. Dkt. No. 178.

In reply, Defendants argue that Plaintiff's Declarations rely on inadmissible hearsay, are unsubstantiated, and do not demonstrate authorized waiver. Dkt. No. 181. Defendants also dispute Plaintiff's objections to Defendants' proposed redactions. Shortly after, Plaintiff filed a motion for leave to file a sur-reply, arguing that a sur-reply is necessary to correct alleged misstatements and omissions made by Defendants. Dkt. No. 182. Plaintiff's sur-reply also requests additional discovery of all corporate governance documents related to **Exhibit 24** held by any entity that Defendants claim had privileged information. *Id.*

## I. Waiver

Plaintiff argues that **Exhibit 24** cannot be sealed because any attorney-client privilege was waived when Rick Fox shared the underlying document with various third parties. Defendants respond that Plaintiff's Declarations are unreliable but even if Plaintiff's allegations are true, Fox had no authority to waive the privilege on behalf of Defendants. The Court may rely on hearsay when considering whether the attorney-client privilege exists. Fed. R. Evid. 104(a). In any event, even if the facts alleged in Plaintiff's Declarations are true, the Court

agrees with Defendants that any alleged disclosure by Fox was unauthorized and therefore did not constitute waiver.

It is well established that "subsequent disclosure to a third party by the party of a communication with his attorney eliminates whatever privilege the communication may have originally possessed." *In re Horowitz*, 482 F.2d 72, 81 (2d Cir. 1973) (Friendly, J.). Thus, "any such protection does not continue when the client voluntarily discloses the document[] to a third party." *Ratliff v. Davis Polk & Wardwell*, 354 F.3d 165, 170 (2d Cir. 2003). The "power to waive the corporate attorney-client privilege rests with the corporation's management and is normally exercised by its officers and directors." *Commodity Futures Trading Comm'n v. Weintraub*, 471 U.S. 343, 348 (1985). These managers "must exercise the privilege in a manner consistent with their fiduciary duty to act in the best interests of the corporation and not of themselves as individuals." *Id.* at 349.

Defendants argue that any waiver by Fox was unauthorized because it was not exercised in a manner consistent with his fiduciary duties to act in Defendants' best interests. Plaintiff herself alleges that Fox shared the underlying document with his personal attorney who then shared the document for use in various lawsuits against Defendants. Plaintiff also cites to Fox's complaint in his own separate lawsuit against Defendants, suggesting that this document was relied upon by Fox in an adversarial litigation against Defendants. The undisputed allegations support Defendants' contention that Fox was acting in his personal capacity, not in Defendants' best interests, when any alleged disclosure occurred. *See Weintraub*, 471 U.S. at 348–49; *see also In re Grand Jury Proc.*, 219 F.3d 175, 188 (2d Cir. 2000) ("[T]he issue is not whether the reference to the attorney's advice was a deliberate attempt at exculpation, but rather whether it was a deliberate attempt *on the part of the corporation* to exculpate itself, as opposed to [the

executive's] effort to exculpate himself personally."). The Court therefore rejects Plaintiff's contention regarding waiver.

## II. Proposed Redactions

Instead, the Court evaluates Plaintiff's objections to each proposed redaction on a case-by-case basis. Defendants allege that their redactions to **Exhibit 24** redact only communications "expressly made in the context of preparing for, providing, and following up with the provision of legal services and advice . . . ." Dkt. No. 175. In response, Plaintiff argues that the attorney-client privilege does not apply and even if it did, the redacted material falls within the crime-fraud exception. Dkt. No. 178.

"A party invoking the attorney-client privilege must show (1) a communication between client and counsel that (2) was intended to be and was in fact kept confidential, and (3) was made for the purpose of obtaining or providing legal advice." *Pritchard v. County of Erie (In re County of Erie)*, 473 F.3d 413, 419 (2d Cir. 2007). "The burden of establishing the existence of an attorney-client privilege, in all of its elements, rests with the party asserting it." *United States v. Int'l Bhd. of Teamsters*, 119 F.3d 210, 214 (2d Cir. 1997). Because in-house attorneys often serve dual roles, the attorney-client privilege must be scrutinized to apply only to communications related to "legal, as contrasted with business, advice." *See In re Grand Jury Subpoena Duces Tecum*, 731 F.2d 1032, 1037 (2d Cir. 1984); *see also In re County of Erie*, 473 F.3d at 419 ("[T]he question usually is whether the communication was generated for the purpose of obtaining or providing legal advice as opposed to business advice."). Moreover, "[t]he privilege only protects disclosure of communications; it does not protect disclosure of the underlying facts . . . ." *Upjohn Co. v. United States*, 449 U.S. 383, 395 (1981). But the privilege "is not lost by the mere fact that the information communicated between attorney and client is

otherwise available to the public." *Am. C.L. Union v. Nat'l Sec. Agency*, 925 F.3d 576, 590–91 (2d Cir. 2019) (cleaned up).

As discussed in our July 27 Memorandum & Order, Plaintiff has not met her burden to show that the crime-fraud exception applies to **Exhibit 24**. Dkt. No. at 172. However, the Court agrees with a number of Plaintiff's arguments that some information that Defendants seek to redact does not implicate privileged communications made for the purpose of obtaining or providing legal advice.

For clarity's sake, the Court uses the numbering system Plaintiff adopts in her filing. Dkt. 176-2. The Court concludes as follows:

- Redactions 7, 13, 19, and 20 are privileged and will remain redacted. These sentences duplicate or expand on sections of **Exhibit 13(B)** and **Exhibit 22**, which the Court has already deemed, and continues to deem, privileged.
- Redactions 1–6, 8–10, and 16; the first sentence of Redaction 11; the final sentence of Redaction 12; the final two sentences of Redaction 14; and the final two sentences of Redaction 15 are privileged and will remain redacted. These sentences describe communications between VVP representatives and Plaintiff as in-house counsel seeking and/or providing legal advice.
- Redactions 17, 18, and 21–25; the second sentence of Redaction 11; the first two sentences of Redaction 12; the sentence partially redacted by Redaction 14 beginning, "After investments,"; and Redaction 15 except for the final two sentences do not implicate the attorney-client privilege and will be unsealed. These sentences do not contain communications made for the purpose of obtaining or providing legal advice.

Defendants are hereby **ORDERED** to file on the public docket within two weeks of this Memorandum & Order:

- **Exhibit 26** as redacted at Dkt. 174-2;
- **Exhibit 24** with redactions as described herein, redacting:
    - Redactions 1–10 in full;
    - The first sentence of Redaction 11;
    - The final sentence of Redaction 12;
    - Redaction 13 in full;
    - The final two sentences of Redaction 14;
    - The final two sentences of Redaction 15;
    - Redaction 16
    - Redactions 19–20 in full.

Plaintiff's discovery requests made on August 25, 2023 and August 31, 2023 are **DENIED**. Dkt. Nos. 180, 182. The discovery sought by Plaintiff is not "proportional to the needs of the case." *See* Fed. R. Civ. P. 26(b)(1); *see also Rattray v. City of New York*, No. 17CV8560PGGKHP, 2021 WL 5810903, at *1 (S.D.N.Y. Dec. 6, 2021) ("While discoverability is determined by the broad standard of relevance, it is not a license for unrestricted discovery.").

Plaintiff's August 31, 2023 motion for leave to file a sur-reply is also **DENIED**. Dkt. No. 182. Plaintiff has failed to demonstrate that a sur-reply is warranted given that Plaintiff has already had an opportunity to address Defendants' arguments. The Court therefore declines to exercise its discretion to permit the sur-reply. *See Endo Pharm. Inc. v. Amneal Pharm., LLC*, No. 12 CIV. 8060 (TPG), 2016 WL 1732751, *9 (S.D.N.Y. 2016) ("It is beyond dispute that the decision to permit a litigant to submit a sur-reply is a matter left to the court's discretion . . . ."). The Clerk of Court is respectfully directed to terminate Dkt. No. 182.

SO ORDERED.

Dated: October 4, 2023
New York, New York

ALISON J. NATHAN
United States Circuit Judge,
sitting by designation