USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 3/25/2024

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

Karen M. Suber,

          Plaintiff,

    –v–

VVP Services, LLC, *et al.*,

          Defendants.

---

20-cv-8177 (AJN)

MEMORANDUM & ORDER

ALISON J. NATHAN, Circuit Judge, sitting by designation:

Plaintiff moves pursuant to Federal Rule of Civil Procedure 60(b) for reconsideration of the Court's October 4, 2023 Memorandum & Order. Dkt. Nos. 183, 186. Additionally, Plaintiff and Defendants each move to impose sanctions against the other party and their respective legal counsel. Dkt. Nos. 188, 191. For the reasons set forth below, Plaintiff's Rule 60(b) motion for relief is denied. Both parties' motions to impose sanctions are also denied.

The Court assumes the parties' familiarity with the factual and procedural background underlying the present motions. *See* Dkt. No. 183.

    **I.**    **Rule 60(b) Motion**

Rule 60(b)(1) of the Federal Rules of Civil Procedure provides that a court may, in its discretion, relieve a party from a final judgment or order based on "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). The burden of proof is on the party seeking relief from judgment, and such relief is "extraordinary, exceptional and generally not favored." *Greer v. Mehiel*, No. 15-CV-6119 (AJN), 2019 WL 400607, at *2 (S.D.N.Y. Jan. 31, 2019), *aff'd*, 805 F. App'x 25 (2d Cir. 2020). Plaintiff has not met her burden here.

The Court's October 4, 2023 Memorandum & Order rejected Plaintiff's argument that any privilege belonging to Defendants VVP Services, LLC, Vision Venture Partners, LLC, and Vision Esports, LP (collectively, Defendant Companies) over Exhibit 24 was waived.  In support of her waiver argument, Plaintiff submitted declarations attesting on her own behalf that in 2019, Rick Fox caused his personal attorney to share Exhibit 24 with independent third parties not associated with Defendants.  Dkt. No. 180.  After considering the parties' briefing and declarations, the Court concluded that Mr. Fox's disclosure of the document was not an authorized waiver of Defendant Companies' privilege because Mr. Fox was acting in his personal capacity at the time of disclosure.  Dkt. No. 183.  In her present Rule 60(b) motion, Plaintiff argues that this conclusion was legal error because Defendant Companies are limited liability companies (LLCs).  Dkt. No. 186.

It is well-established that the attorney-client privilege "that attaches to communications on corporate matters between corporate employees and corporate counsel belongs to the corporation," not to the corporation's officers, directors, employees, or shareholders.  *See United States v. Int'l Bhd. of Teamsters*, 119 F.3d 210, 215 (2d. Cir. 1997); *Commodity Futures Trading Comm'n v. Weintraub*, 471 U.S. 343, 348–49 (1985).  Although few courts have ruled on the precise issue of whether an LLC should be treated as a corporation for the purposes of the attorney-client privilege, the Court concludes, in line with the few other courts to consider the issue, that LLCs should be treated as such.  *See Carpenters Pension Tr. v. Lindquist Fam. LLC,* No. C-13-01063 DMR, 2014 WL 1569195, at *3 (N.D. Cal. Apr. 18, 2014) ("LLCs 'are most analogous to corporations; therefore the law of corporations applies for purposes of the attorney-client privilege.'" (quoting *Montgomery v. eTreppid Techs., LLC*, 548 F. Supp. 2d 1175, 1182 (D. Nev. 2008)); *see also In re PWK Timberland, LLC*, 549 B.R. 366, 370 (Bankr.

W.D. La. 2015); *S.E.C. v. Ryan*, 747 F. Supp. 2d 355, 361–62 (N.D.N.Y. 2010); *Cohen v. Acorn Int'l Ltd.*, 921 F. Supp. 1062, 1064 (S.D.N.Y. 1995). Therefore, the principle that the attorney-client privilege lies with the corporation likewise applies to the attorney-client privilege held by LLCs.

In the corporate context, courts have found that even an officer or director who is typically empowered to waive a company's privilege may lack authority to waive the privilege when acting in his individual capacity, rather than on behalf of the company. *See Denney v. Jenkens & Gilchrist*, 362 F. Supp. 2d 407, 415 (S.D.N.Y. 2004) ("[E]ven an officer or director may be without authority to waive the privilege when acting in his or her individual capacity."); *Parneros v. Barnes & Noble, Inc.*, 332 F.R.D. 482, 504–05 (S.D.N.Y. 2019); *Milroy v. Hanson*, 875 F. Supp. 646, 648–50 (D. Neb. 1995). For example, the Second Circuit has concluded that when a corporate officer—even the corporation's "founder, CEO, and controlling shareholder"—testified in his individual capacity before a grand jury, he lacked the power to "waive the corporation's privilege without that entity's consent." *United States v. John Doe (In re Grand Jury Proceedings)*, 219 F.3d 175, 185 (2d Cir. 2000). Therefore, a relevant consideration in assessing the waiver of privilege is whether the employee was acting on behalf of himself or on behalf of the company.

Plaintiff contends that because Defendant Companies are LLCs that "may have waived rights, privileges, and duties for all managers and/or members," Dkt. No. 186 at 4, the Court was required to "examine[] the applicable limited liability company agreements of those entities in-place at the time Rick Fox caused his attorney to make the disclosure to Daniel Blegen, Esq.," *id.* at 7. But as stated, under the applicable case law, the relevant question is whether Mr. Fox was acting on behalf of Defendant Companies when he disclosed the

3

document underlying Exhibit 24 to his personal attorney.  The undisputed facts before the Court indicate that he was not.  Plaintiff does not dispute that at the time of disclosure, Mr. Fox was preparing to bring his own lawsuit against Defendants.  Mr. Fox's disclosure to his personal attorney was therefore not a "strategic decision" made by Corporate Defendants.  *See In re Grand Jury Proceedings*, 219 F.3d at 184.  Even assuming that the disclosure did not violate the terms of Defendant Companies' operating agreements, it does not follow that the disclosure was necessarily an authorized waiver of their privilege.  Because Mr. Fox was acting in his personal capacity, there is no basis to conclude that the disclosure was an authorized waiver of Defendant Companies' privilege.

Plaintiff also argues that the Court abused its discretion by assigning any weight to Defendants' statements because they lack credibility.  As an initial matter, the Court did not rely solely on Defendants' legal assertion that Mr. Fox lacked authority to waive Defendant Companies' privilege but instead considered both parties' declarations on the issue.  *See* Dkt. Nos. 78-1, 78-2, 184-1, 184-2.  In any event, Plaintiff's allegation that none of Defendants' statements can be relied upon lacks merit.  Plaintiff relies only on her own numerous prior court filings making the same unsubstantiated allegations.  Such arguments have already been rejected by this Court, *see* Dkt. No. 143, and the Second Circuit, *see* No. 21-2649, Dkt. No. 88.  Because Plaintiff has failed to substantiate her allegations of misrepresentations, the argument is meritless.

Accordingly, Plaintiff has not identified any "exceptional circumstances" that warrant disturbing the Court's October 4, 2023 Memorandum & Order.  *See Paddington Partners v. Bouchard*, 34 F.3d 1132, 1142 (2d Cir. 1994).  Plaintiff's Rule 60(b) motion is thus denied.

**II.      Sanctions Motions**

4

Pending before the Court are also (1) Defendants' motion to impose sanctions against Plaintiff and her attorney under 28 U.S.C. § 1927 and the Court's inherent authority, Dkt. No. 188, and (2) Plaintiff's cross-motion to impose similar sanctions against Defendants and their attorneys, Dkt. No. 191.

Section 1927 permits a court to impose sanctions against an attorney when such attorney "multiplies the proceedings in any case unreasonably and vexatiously." 28 U.S.C. § 1927. Courts also have an "inherent power" to sanction "the offending party and [her] attorney when it determines a party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons." *Agee v. Paramount Commc'ns, Inc.*, 114 F.3d 395, 398 (2d Cir. 1997) (quotation marks omitted). "The Supreme Court has cautioned that because of the 'very potency' of a court's inherent power, it should be exercised 'with restraint and discretion.'" *United States v. Int'l Bhd. of Teamsters, Chauffeurs, Warehousemen & Helpers of Am., AFL-CIO*, 948 F.2d 1338, 1345 (2d Cir. 1991) (quoting *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44 (1991)).

"[T]o impose sanctions pursuant to its inherent power, a district court must find that: (1) the challenged claim was without a colorable basis and (2) the claim was brought in bad faith, *i.e.*, motivated by improper purposes such as harassment or delay." *Schlaifer Nance & Co. v. Est. of Warhol*, 194 F.3d 323, 336 (2d Cir. 1999). "[T]he only meaningful difference between an award made under § 1927 and one made pursuant to the court's inherent power is . . . that awards under § 1927 are made only against attorneys or other persons authorized to practice before the courts while an award made under the court's inherent power may be made against an attorney, a party, or both." *Id.* at 336 (quotation marks omitted).

Defendants argue that Plaintiff's Rule 60(b) motion lacks any colorable basis and vexatiously multiplies the court proceedings. While Plaintiff's motion readily fails to satisfy the high bar for relief under Rule 60(b), the Court is not prepared to conclude that it was taken for an improper purpose or in bad faith. *See Oliveri v. Thompson*, 803 F.2d 1265, 1273 (2d Cir. 1986); *Int'l Bhd. of Teamsters*, 948 F.2d at 1345. Plaintiff's motion for sanctions is thus denied. However, the Court cautions that continued baseless and inflammatory accusations against Defendants or repetition of previously rejected arguments may warrant the future imposition of sanctions.

Plaintiff's cross-motion for sanctions against Defendants is frivolous, as there is no basis to conclude that Defendants acted in bad faith or without colorable basis. The motion is thus also denied.

## CONCLUSION

Plaintiff's Rule 60(b) motion is **DENIED**. Dkt. No. 186. Defendants' motion for sanctions and Plaintiff's cross-motion for sanctions are also **DENIED**. Dkt. Nos. 188, 191.

This order resolves Dkt. Nos. 186, 188, and 191.

SO ORDERED.

Dated: March 25, 2024
       New York, New York

_____
ALISON J. NATHAN
United States Circuit Judge,
sitting by designation